

**SIGNED this 30th day of August, 2012**

_Shelley D. Rucker_

Shelley D. Rucker
**UNITED STATES BANKRUPTCY JUDGE**

_____

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF TENNESSEE
### SOUTHERN DIVISION

In re:

DRAGAN NMN LAZAREVIC,

     Debtor;

ZIVORAD ADAMOVIC, as next friend and as
natural parent of ALEX ADAMOVIC and
FILLIP ADAMOVIC, minors,

     Plaintiff

v

DRAGAN LAZAREVIC,

     Defendant.

No.  11-10585
Chapter 7

Adversary Proceeding
No.  11-1048

1

## MEMORANDUM

Plaintiff Zivorad Adamovic ("Plaintiff"), as next friend and as natural parent of Alex Adamovic and Fillip Adamovic ("Minors"), moves to amend his complaint ("Complaint"). [Doc. No. 57].[1] The defendant debtor Dragan Lazarevic ("Debtor") has failed to oppose the motion. The court has reviewed the motion and the proposed amendment and has reviewed the relevant law. Upon review the court concludes that the Plaintiff's motion should be GRANTED.

The Plaintiff's original Complaint alleges claims for denial of discharge pursuant to 11 U.S.C. §§ 727(a)(2), (a)(3), (a)(4), (a)(5), (a)(6), and (a)(7), as well as a claim for nondischargeability pursuant to 11 U.S.C. § 523(a)(4). Plaintiff proposes to amend the title of the Complaint and to restate count 2(b) of the Complaint. Plaintiff seeks to amend the Complaint to add claims against the Debtor pursuant to 11 U.S.C. § 523(a)(2) and § 523(a)(6). [Doc. No. 57-1]. He also seeks to restate his prayer for relief seeking a non-dischargeable money judgment in an amount of at least $120,000 plus interest and punitive damages. In the alternative, the proposed amended complaint asks the court to lift the automatic stay and allow the Plaintiff to proceed with his previously stayed state court case seeking a money judgment against the Debtor. The Plaintiff further seeks to add a request that the court award him his attorneys' fees and costs pursuant to Tenn. Code Ann. § 35-15-1004(a).

### I.    Analysis

Federal Rule of Bankruptcy Procedure 7015 states that "Rule 15 of F.R.Civ.P. applies in adversary proceedings." Fed. R. Bankr. P. 7015. Federal Rule of Civil Procedure 15 states that "a party may amend its pleading only with the opposing party's written consent or the court's leave.

---

[1] All docket entry references refer to docket entries for Adversary Proceeding No. 11-1048, unless otherwise noted.

The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The rule

further states in relevant part that: "An amendment to a pleading relates back to the date of the

original pleading when: . . . (B) the amendment asserts a claim or defense that arose out of the

conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading;

. . ." Fed. R. Civ. P. 15(c)(1)(B).

In his original Complaint the Plaintiff alleges a claim of nondischargeability pursuant to

11 U.S.C. § 523(a)(4). The court is aware that Federal Rule of Bankruptcy Procedure 4007(c)

provides that a § 523 dischargeability claim should be filed within 60 days of the meeting of

creditors under § 341(a). Fed. R. Bankr. P. 4007(c). Further, it is clear that the Plaintiff is

attempting to amend his Complaint after the expiration of 60 days from the meeting of creditors

pursuant to § 341(a). However, the court concludes that because the Plaintiff alleged a claim

pursuant to § 523(a)(4), the new proposed claims under § 523(a)(2) and § 523(a)(6) relate back

to the § 523(a)(4) claim. For example, in *Bank of Kentucky, Inc. v. Ruhe (In re Ruhe)*, the

bankruptcy court determined that a proposed amended claim pursuant to § 523(a)(6) filed outside

of the 60 day limitation period was timely because it related back to an original § 523(a)(4)

claim. No. 04-1142, 2005 WL 4041312 (Bankr. S.D. Ohio June 6, 2005). In that case the

bankruptcy court noted the Sixth Circuit's view of Rule 15(c):

> The thrust of Rule 15 is to reinforce the principle that cases 'should be tried on
> their merits rather than the technicalities of pleadings.' "Thus, a court will permit
> a party to add even a new legal theory in an amended pleading as long as it arises
> out of the same transaction or occurrence. Likewise, "[a]n amendment that alleges
> added events leading up to the same injury may relate back."

*In re Ruhe*, 2005 WL 4041312 at *1 (quoting *Miller v. American Heavy Lift Shipping*, 231 F.3d

242, 248 (6th Cir. 2000) (citations omitted)). The bankruptcy court found that the proposed

amended claim under § 523(a)(6) related back to the original § 523(a)(4) claim:

3

> In the instant proceeding, the proposed amendment . . . varies little from the
> original complaint other than the statutory basis for relief. There is absolutely no
> difference in the factual predicate to the claim. The only difference effectuated by
> the amended complaint is found in paragraphs 14-18, where the Bank asserts a
> claim under § 523(a)(6) instead of § 523(a)(4). The amendment does not even
> contain "added events" permitted by the Sixth Circuit. The § 523(a)(6) claim is
> based upon the exact same facts alleged in the original complaint. Because the
> alleged injury remains the same, the § 523(a)(6) amendment relates back to the
> original complaint under Rule 15(c)(2).

*In re Ruhe*, 2005 WL 4041312 at *1. *See also, American Honda Finance Corp. v. Tester (In re*
*Tester)*, 56 B.R. 208 (W.D. Va. 1985) (reversing bankruptcy court's decision not to allow
amendment to complaint on timeliness grounds where the original complaint contained a §
523(a)(4) claim and the plaintiff sought to add at § 523(a)(6) claim); *Columbia State Bank v.*
*Daviscourt (In re Daviscourt)*, 353 B.R. 674, 683 (B.A.P. 10th Cir. 2006) (finding that proposed
amended complaint related back under Rule 15(c) where "the Debtors [could] not claim to have
been surprised by the claims set forth in the amended complaint, which still asserted non-
dischargeability under the same statutory provisions and still stated the same general fact
situation . . .").

The policy behind Rule 15 is to allow complaints to be amended freely. Rule 15(c) allows
for claims to relate back if the new claims meet the substantial identity test. The court concludes
that they meet such a test. The Plaintiff's original Complaint contains a claim based on §
523(a)(4). The proposed new claims are also claims of nondischargeability pursuant to § 523.
The court has reviewed the proposed amendments and finds that there are no new facts alleged,
no surprises to the Debtor, and no evidence of undue delay. The court further finds that the
Plaintiff's request for a judgment is an appropriate remedy based on the claims and allegations
asserted in the case. Although the motion to amend has been filed only a few months prior to
trial, the court concludes that there is no prejudice to the Debtor because the new claims relate to

all of the facts alleged in the original Complaint and will require the presentation of similar evidence to support such claims at trial.

Finally, the Debtor has failed to oppose the motion. This court's local rules provide that "[a] failure to respond timely will be construed to mean that the respondent does not oppose the relief requested by the motion." E.D. Tenn. Bankr. Court Local Rule 7007-1(a).

## II.      Conclusion

For these reasons the court concludes that it will GRANT the Plaintiff's motion to amend the Complaint. The court will ORDER the Plaintiff to file an amended complaint with all of the proposed changes included to replace the original Complaint, so that the court and the parties will have one complaint to review for purposes of trial.

A separate order will enter.

# # #